```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| PHILIS MCALLISTER | : | NO. 11-564-7 |

MEMORANDUM

Bartle, J.                                              November 10, 2011

Before the court is the motion of defendant Philis McAllister for pretrial release. The parties appeared before the court in a hearing on this matter on November 4, 2011.

McAllister is one of fifteen defendants charged in a sixty-nine-count superseding indictment related to a drug distribution network the government alleges the defendants operated in the vicinity of 5th and Christian Streets in Philadelphia, Pennsylvania. She is named a defendant in four of the sixty-nine counts. The indictment charges her with conspiracy to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count I); maintaining a drug house in violation of 21 U.S.C. § 856 (Count XXXVII); and two counts of using of a communication facility to facilitate a drug felony in violation of 21 U.S.C. § 843(b) (Counts XXXVIII and XLVI).

The Bail Reform Act governs the issue of pretrial detention. 18 U.S.C. § 3142. A person is either to be (1) released on personal recognizance or upon execution of an unsecured bond; (2) released on conditions; (3) temporarily

detained to permit revocation of conditional release, deportation or exclusion; or (4) detained.  Id. at § 3142(a).  Because McAllister allegedly conspired to distribute over 280 grams of cocaine base, she faces a maximum prison term in excess of ten years.  See 21 U.S.C. §§ 841(b)(1)(A)(iii), 846.  Accordingly, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] ... as required and the safety of ... the community ...."  18 U.S.C. § 3142(e)(3)(A).

In deciding whether there are any conditions of release that will achieve these goals, the Bail Reform Act requires us to consider the following factors:

> (1)  The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2)  the weight of the evidence against the person;
>
> (3)  the history and characteristics of the person, including --
>
>> (A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B)  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

>   (4) the nature and seriousness of the danger
>   to any person or the community that would be
>   posed by the person's release ....

18 U.S.C. § 3142(g).

We acknowledge that McAllister is charged with serious crimes involving the distribution of narcotics. McAllister, however, has never been charged with any crime prior to the charges in the indictment in this case. None of the charges against her involve an allegation of violence or the use of a firearm. McAllister, who is 25 years old, has lived in Philadelphia, Pennsylvania her entire life and has not traveled outside of Philadelphia. She has an eleventh-grade education. McAllister is simply not a danger to the community and does not present a risk of flight.

McAllister's sister, Luceille Jones, has agreed to house McAllister pending trial.[1] Jones also houses their mother and a younger sister. At the court's request, Pretrial Services investigated Jones' home and reports that while small, it will be suitable for McAllister for the time being.

Considering all of these facts, McAllister has rebutted the presumption that no set of conditions for pretrial release will assure her appearance at trial and the safety of the community.

---

1. During the pendency of McAllister's motion for pretrial release, Jones revoked her offer to house McAllister until trial. At the hearing on the motion, Jones testified under oath that she is now willing to shelter McAllister until trial and will co-sign an O/R bond. The court finds Jones' testimony credible.